**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

SCHULTZ EXCAVATING & ASPHALT,
OF LUDINGTON, LLC,

Plaintiff,

Case No. 1:23-cv-402

v.

Hon. Jane M. Beckering

SMYRNA READY MIX CONCRETE, LLC
d/b/a SRM CONCRETE,

Defendant.

---

John M. Grogan (P56577)
GROGAN LAW PC
3240 Racquet Club Drive
Traverse City, Michigan 49684
(213) 944-1529
jmgroganlaw@gmail.com
*Attorneys for Plaintiff*

Norman K. Droste (P35665)
NORM DROSTE – ATTORNEY, PLC
616 E. Eighth Street, Unite #3
Traverse City, Michigan 49686
(213) 922-5055
ndrostelaw@aol.com
*Co-Counsel for Plaintiff*

Scott R. Murphy (P68015)
Sydney O. Imes (P86532)
BARNES & THORNBURG LLP
171 Monroe Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3930
smurphy@btlaw.com
*Attorneys for Defendant*

---

**DEFENDANT SMYRNA READY MIX CONCRETE, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

NOW COMES Defendant, Smyrna Ready Mix Concrete, LLC d/b/a SRM Concrete ("Smyrna"), by and through its undersigned counsel, and for its answer to Plaintiff's Complaint and Counterclaim, states as follows:

1. Plaintiff, SCHULTZ EXCAVATING & ASPHALT OF LUDINGTON, LLC, [SCHULTZ EXCAVATING] conducts business in Michigan, with a principal headquarters in Ludington, Michigan.

**ANSWER: Smyrna admits the allegations of this paragraph.**

2. Defendant, SMYRNA READY MIX CONCRETE, LLC [SRM], has a business facility in Ludington, Michigan.

**ANSWER: Smyrna admits the allegations of this paragraph.**

3. Defendant, SMYRNA READY MIX CONCRETE, LLC [SRM], conducts business under the assumed name SRM CONCRETE.

**ANSWER: Smyrna admits that they conduct business under the name Smyrna Ready Mix Concrete, LLC. Smyrna is occasionally known as SRM Concrete.**

4. The money claimed due by Plaintiff from Defendants is for the transport and delivery of materials by Plaintiff to Defendant's business facilities at:

- Ludington, Mason County, Michigan; and / or
- Reed City, Osceola County, Michigan; and / or
- Big Rapids, Mecosta County, Michigan.

**ANSWER: Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

5. The amount claimed by Plaintiff to be due to it from Defendant is more than $25,000.00.

**ANSWER: Smyrna admits that, based on Plaintiff's Complaint, Plaintiff is claiming over $25,000.00.**

**COUNT I – OPEN ACCOUNT**

6. Plaintiff, SCHULTZ EXCAVATING, realleges paragraphs 1-5 above.

**ANSWER: Smyrna realleges its responses to paragraphs 1-5 above.**

7. Plaintiff has, since about 2019, or so, transported materials purchased by Defendant from others, for Defendant, to business facilities of Defendant on account, in exchange for the promise of Defendant to pay Plaintiff for the transport.

**ANSWER: Smyrna admits that Plaintiff has transported materials purchased by Smyrna, and that Schultz began invoicing for those transported materials in May 2020.**

8. Plaintiff regularly provided invoicing to Defendant showing materials transported and the amount due including copies of the "load tickets" for the materials transported.

**ANSWER: Smyrna admits the allegations of this paragraph.**

9. From 2019 until about July 28, 2022 Defendant paid Plaintiff's invoices by delivery of bank checks to Plaintiff's business headquarters:

Schultz Excavating & Asphalt
5565 6th Street
Ludington, MI 49431

**ANSWER: Smyrna admits that they began paying Schultz in May 2020. Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

10. Plaintiff provided invoicing to Defendant for the transportation of materials by Plaintiff for Defendant as follows:

| DATE | INVOICE # | $ AMOUNT |
|---|---|---|
| 7/5/2022 | 3596 | $41,052.44 |
| 8/18/2022 | 3619 | $58,014.48 |
| 10/4/2022 | 3649 | $128,374.40 |
| 11/12/2022 | 3672 | $40,217.18 |
| 7/26/2022 | CREDIT | ($.02) |
| Total: | | $267,648.48 |

**ANSWER: Smyrna admits that Plaintiff provided invoicing, but denies the accuracy of the above-listed invoices.**

11. Plaintiff has not paid for the transport of materials identified in the invoices summarized, except an earlier overpayment of $0.02 has been credited to the account.

**ANSWER: Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same. Smyrna paid the above invoices pursuant to instructions received from a purported representative of Plaintiff.**

12. Plaintiff purchased materials from Defendant and has not, yet, paid Defendant for those materials $31,562.43, but rather has applied the amount due as a credit / set-off to the Defendant's account.

**ANSWER: Smyrna admits that Plaintiff has not paid for materials purchased but denies that Plaintiff has a contractual right of set-off.**

13. The amount due from Defendant to Plaintiff for the transportation services provided including the credit / set-off [$31,562.43], is $236,096.05, not including interest, costs, or fees.

**ANSWER: Smyrna denies the allegations of this paragraph.**

14. Plaintiff has demanded that Defendant pay the amount due.

**ANSWER: Smyrna admits that Plaintiff has demanded payment but denies that payment was not made by Smyrna.**

15. Defendant has not paid Plaintiff the amount due.

**ANSWER: Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same. Smyrna paid**

**the above invoices pursuant to instructions received from a purported representative of Plaintiff.**

WHEREFORE, Defendant, Smyrna Ready Mix Concrete, LLC, respectfully requests that this Court dismiss Plaintiff's Complaint against Defendant and award Defendant its costs, including reasonable attorney fees, and such other relief as this Court deems just and proper.

**COUNT II –ACCOUNTS STATED**

16. Plaintiff realleges paragraphs 1-15 above.

**ANSWER:** **Smyrna realleges its responses to paragraphs 1-15 above**

17. Defendant acknowledged the amount claimed due from it to Plaintiff for the trucking services identified in paragraph 10 above as $267,658.50.

**ANSWER:** **Smyrna denies the allegations of this paragraph as set forth in the Affidavit of Account Stated, Exhibit A.**

18. Defendant claims to have issued payment for Plaintiff's invoices identified in paragraph 10 above and delivery of those payments to:

DEAULT ENTERPRISES
20070 Bartlette Lane, Unit 115
Estero, FL 33928

**ANSWER:** **Smyrna admits it made payment for invoices submitted by Plaintiff pursuant to instructions received from a purported representative of Plaintiff.**

19. Plaintiff did not direct Defendant to issue payment for its work to DEAULT ENTERPRISES.

**ANSWER:** **Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

20. Plaintiff did not direct Defendant to deliver payment for its invoices to DEAULT ENTERPRISES in Estero, Florida.

**ANSWER:** **Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

21. Plaintiff has always requested Defendant and always instructed Defendant to delivery payments due to Plaintiff from Defendant to:

> SCHULTZ EXCAVATING & ASPHALT
> 5565 6th Street
> Ludington, MI 49431

**ANSWER:** **Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

22. Defendant followed and complied with Plaintiff's payment instructions except for the following payments:

| Date | Check No. | Payee | Amount |
|---|---|---|---|
| 10/19/22 | 042898 | DEAULT ENTERPRISES | $227,441.32 |
| 12/7/22 | 046684 | DEAULT ENTERPRISES | $ 40,217.18 |
| | | | $267,648.48 |

**ANSWER:** **Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

23. On or about May 13, 2022, Plaintiff received 2 suspicious emails directing Plaintiff to provide its payments of money due to Defendant by check to:

> "…Beneficiary Name: Donald Ault
> Address: 24100 S. Tamiami Tri., Unit 1305
> Bonita Springs, FL 34134 …"

**ANSWER:** **Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

24. Rather than following the suspicious payment instructions provided by some sort of impostor, Plaintiff reported the suspicious emails to Defendant.

**<u>ANSWER:</u> Smyrna admits that Plaintiff reported certain emails to Defendant. Smyrna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the same.**

25. Defendant notified Plaintiff to disregard the suspicious payment directions and to provide payments consistent with Defendant's invoicing to:

SRM Concrete
1000 Hollingshead Circle
Murfreesbro, TN 37129

**<u>ANSWER:</u> Smyrna admits that it provided payment instructions to Plaintiff for Smyrna's unpaid invoices.**

26. Plaintiff provided its payments, consistent with its longtime practice, to Defendant as instructed by Defendant, EXCEPT Plaintiff has withheld $31,562.40 due to Defendant as a "SET-OFF".

**<u>ANSWER:</u> Smyrna admits that it received certain payments from Plaintiff but denies that Plaintiff has the right to set-off $31,562.40 that remains due and owing to Smyrna.**

27. It appears Defendant claims that payments made by it to:

DEAULT ENTERPRISES
20070 Bartlette Lane, Unit 115
Estero, FL 33928

constitute payment to Plaintiff[?]

**<u>ANSWER:</u> Smyrna admits it made payment for invoices submitted by Plaintiff pursuant to instructions received from a purported representative of Plaintiff as set forth in the Affidavit of Account Stated attached as <u>Exhibit A</u>.**

28. The imposter email or instructions to Defendant for payment of Plaintiff's invoices to an alternative company name and to an alternate mailing address were and are not credible.

**<u>ANSWER:</u> Smyrna denies the allegations of this paragraph.**

WHEREFORE, Defendant, Smyrna Ready Mix Concrete, LLC, respectfully requests that this Court dismiss Plaintiff's Complaint against Defendant and award Defendant its costs, including reasonable attorney fees, and such other relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

3. Plaintiff's claims are barred by the doctrine of mutual and/or unilateral mistake of fact.

4. Plaintiff's claims are barred by the doctrine of estoppel as Plaintiff was justified in relying on an imposter's appearance of authority to act on behalf of Plaintiff.

5. Plaintiff's claims are barred by Plaintiff's own contributory negligence as Plaintiff was in the best position to prevent the fraud perpetrated on the parties.

6. Defendant reserves the right to amend these affirmative defenses as additional facts are disclosed during discovery.

WHEREFORE, Defendant, Smyrna Ready Mix Concrete, LLC, respectfully requests that this Court dismiss Plaintiff's Complaint against Defendant and award Defendant its costs, including reasonable attorney fees, and such other relief as this Court deems just and proper.

**COUNTERCLAIM**
**OF SMYRNA READY MIX CONCRETE, LLC**

Counterclaim Plaintiff, Smyrna Ready Mix Concrete, LLC ("Smyrna" or "Counter-Plaintiff"), for its counterclaim against Counterclaim Defendant, Schultz Excavating & Asphalt of Ludington, LLC ("Schultz"), alleges and states as follows:

**JURISDICTION AND VENUE**

1. Smyrna is a limited liability company duly organized and existing under the laws of the State of Tennessee, with a principal place of business located at 1000 Hollingshead Circle, Murfreesboro, TN 37129.

2. Schultz is a Michigan limited liability company with its principal place of business located in Ludington, Michigan.

3. The events giving rise to this case concern Schultz's purchase of materials on credit from Smyrna under an open account.

4. Venue and jurisdiction are proper in the United States District Court for the Western District of Michigan as complete diversity exists between the parties and the amount in controversy exceeds $75,000.

**BACKGROUND**

5. Schultz had an ongoing open account with Smyrna to purchase ready mix concrete materials (the "Goods").

6. Pursuant to Schultz's request, Smyrna provided materials to Schultz on credit and invoiced Schultz for the same, which were all charged to Schultz's open account.

7. Pursuant to the terms of the invoices, Schultz was required to make payment in full upon receiving the invoices.

8. Over thirty (30) days have passed since Smyrna delivered the Goods and invoiced Defendant for the same, and payment for such Goods is now past due (collectively, the "Delinquent Invoices"). A true and correct copy of the Aging Report is attached as **Exhibit B.**

9. Smyrna has demanded payment from Schultz and Schultz has refused to pay the Delinquent Invoices.

## COUNT I – ACCOUNT STATED

10. Smyrna realleges paragraphs 1-9 above.

11. Currently, Schultz holds an account balance of $32,186.90 in principal for the Goods supplied by Smyrna, plus interest from the respective dates of the Delinquent Invoices.

12. Smyrna has previously notified Schultz of its delinquency under the account and made demand for payment in full.

13. Schultz has failed to respond or otherwise pay the amount reflected on the Delinquent Invoices, and the entire amount listed on the Delinquent Invoices under the account continues to be fully due and owing to Smyrna and subject to finance charges until paid in full.

14. Attached as **Exhibit A** is the Affidavit of Account Stated prepared by Rob Vinson, the Accounts Receivable Regional Manager for Smyrna, verifying that the account is justly owing and due and providing an account statement.

15. The Affidavit further denies the account claimed by Schultz in the underlying complaint for the reasons set forth in the affidavit.

16. Accordingly, Schultz's account with Smyrna constitutes an account stated, pursuant to MLC 600.2145, and Smyrna is entitled to judgment against Schultz in an amount in excess of $25,000.00, plus interest, costs, and finance charges.

WHEREFORE, the Counter-Plaintiff, Smyrna, demands a sum of $32,186.90, together with prejudgment and post-judgment interest accruing on the outstanding balance at the statutory rate, and for all other relief the Court deems just and proper.

**COUNT II – BREACH OF CONTRACT**

17. Smyrna realleges paragraphs 1-16 above.

18. Smyrna and Schultz entered into a credit agreement ("Agreement") whereby Schultz agreed to make payment for the Goods provided by Smyrna.

19. Schultz breached the Agreement by failing to make payment for the Goods provided by Smyrna.

20. As a result, Smyrna has suffered damages and continues to suffer damages as a result of Schultz's breach.

21. Smyrna has performed all conditions precedent to recovery under the Agreement and has not excused Schultz's non-performance.

WHEREFORE, the Counter-Plaintiff, Smyrna, demands a sum of $32,186.90, together with prejudgment and post-judgment interest accruing on the outstanding balance at the statutory rate, and for all other relief the Court deems just and proper.

Dated: April 21, 2023

Respectfully submitted,

BARNES & THORNBURG LLP

/s/ Sydney O. Imes
Scott R. Murphy (P68015)
Sydney O. Imes (P86532)
BARNES & THORNBURG LLP
171 Monroe Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3930
*Attorneys for Smyrna Ready Mix Concrete, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023 a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Dated: April 21, 2023

Respectfully submitted,

BARNES & THORNBURG LLP

/s/ Sydney O. Imes

Scott R. Murphy (P68015)
Sydney O. Imes (P86532)
BARNES & THORNBURG LLP
171 Monroe Avenue, N.W., Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3930
*Attorneys for Smyrna Ready Mix Concrete, LLC*